USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4-17-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

BESIM KUKAJ,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S2 20 Cr. 660 (ALC)

      WHEREAS, on or about November 1, 2022 BESIM KUKAJ (the "Defendant"), , was charged in a two-count Superseding Information, S2 20 Cr. 660 (ALC) (the "Information"), with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Sections 1349 and 3147(1) (Count One); and interstate threats, in violation of Title 18, United States Code, Sections 875 (c) and 2 (Count Two);

      WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States any and all property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the commission of the offenses charged in Counts One and Two of the Information;

      WHEREAS, on or about October 6, 2020, the Hon. Barbara Moses executed a seizure warrant was executed authorizing the Government to seize the following:

    a. Any and all funds on deposit, up to and including $37,000 in Empire State Bank account #: 000200032313 held in the name of N&B 319 Restaurant Corp ("Empire Account-1");

    b. Any and all funds on deposit, up to and including $29,200 in Empire State Bank account #: 000200032321 held in the name of D&B 623 Corporation ("Empire Account-2");

    c. Any and all funds on deposit, up to and including $106,000, in PNC Bank Account #: 8067204012 held in the name of VV&V Brothers 623 Corp. ("PNC Account-1");

    d. Any and all funds on deposit, up to and including $219,000 in PNC Bank account #: 8132230648, held in the name of VV&V Brothers 319 Corp ("PNC Account-2");

    e. Any and all funds on deposit in Valley Bank account #: 42091462 held in the name of VV&V Realty Corp. ("Valley Account-1") and;

    f. Any and all funds on deposit in Valley Bank account #: 42091470 held in the name of Valentina Realty Service Corp. ("Valley Account-2");

WHEREAS, on or about October 16, 2020, the Government seized the following:

    a. $152.21 in United States currency formerly on deposit in the Empire Account-1;

    b. $463.64 United States currency formerly on deposit in the Empire Account-2;

    c. $6,878.05 in United States currency formerly on deposit in PNC Account-1; and

    d. $19,666.95 in United States currency formerly on deposit in PNC Account-2;

(a. through d., collectively, the "Seized Funds-1")

WHEREAS, on or about October 17, 2020, the Government seized:

    a. $31,954.04 in United States currency formerly on deposit in the Valley Account-1 and;

    b. $405,535.00 in United States currency formerly on deposit in Valley Account-2;

(a. and b, together with Seized Funds-1, the "Specific Property");

WHEREAS, on or about September 29, 2022, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeiture to the United States;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,500,000 in United States currency, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), which constitute proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Samuel L. Raymond and David Felton, of counsel, and the Defendant and his counsel, Todd Spodek, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,500,000

in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Count One and Two of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Count One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant BESIM KUKAJ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          4-11-2023
SAMUEL L. RAYMOND                        DATE
DAVID FELTON
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-6519/2299


BESIM KUKAJ

By: _____          4/11/23
BESIM KUKAJ                              DATE


By: _____          4/11/23
TODD SPODEK, ESQ.                        DATE
Attorney for Defendant



SO ORDERED:

_____              4/11/23
HONORABLE ANDREW L. CARTER, JR.         DATE
UNITED STATES DISTRICT JUDGE